1

2

3

4

5

6
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8  BRIAN BAKER,

9             Plaintiff,

10     vs.

11  SHIN FAMILY LLC,

12             Defendant.

13

NO.

**COMPLAINT FOR
DECLARATORY
AND INJUNCTIVE RELIEF**

**JURY DEMAND**

14      COMES NOW, Plaintiff, Brian Baker, by and through his attorneys Washington Civil &

15  Disability Advocate for his Complaint for Declaratory and Injunctive Relief to state and allege as

16  follows:

17                      **I.      INTRODUCTION**

18      1.      The Americans with Disabilities Act (the "ADA") and the Washington Law

19  Against Discrimination ("WLAD") require places of public accommodation to be accessible to

20  people with disabilities.

21      2.      Retail and service businesses like restaurants are places of public accommodation

22  within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing

23  regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3.      ADA accessibility laws and regulations were enacted into law in 1990, 30 years ago, to protect civil rights of persons with mobility and other disabilities.

4.      Defendant discriminates against individuals with disabilities because Defendant owns or operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II.    PARTIES

5.      Plaintiff Brian Baker is a Washington resident and resides in this district.

6.      Mr. Baker is limited in the major life activity of walking and uses a wheelchair for transportation.  Mr. Baker requires ADA compliant accessible parking in order to patronize the businesses and restaurants at Defendant's property, including the Ohana Japanese-Hawaiian restaurant location at or around 240 NW Gilman Blvd, Issaquah, WA (the "Property").

7.      Defendant Shin Family LLC is a Washington Limited Liability company owning and operating the Property.

8.      Gene Shin is the registered agent for Shin Family LLC.

9.      Plaintiff's attorney sent a letter to Gene Shin of Shin Family LLC, via certified mail, requesting a meeting to amicably resolve accessibility issues at the property without litigation.

10.      The Defendant's attorney contacted Mr. Baker's counsel, and, after two proposals for settlement by Mr. Baker and no proposals for settlement by Shin Family LLC, Mr. Baker had no choice but to file this complaint and seen remedies through the court.

## III.    JURISDICTION AND VENUE

Complaint for Declaratory and Injunctive Relief

**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

11.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

12.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

13.     This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

14.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV.     FACTUAL ALLEGATIONS

15.     The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

16.     Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

17.     The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

18.     Thus, Title III of the ADA states in relevant part: "No individual shall be

Complaint for Declaratory and Injunctive Relief

**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

discriminated against on the basis of disability in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation." 42 U.S.C. § 12182(a).

19.     Mr. Baker is a Redmond, Washington resident who lives near Defendant's

property and travels throughout the Seattle area on a regular basis.  Plaintiff most recently

patronized Defendant's Property in Summer of 2019.

20.     Mr. Baker is limited in the major life activity of walking and requires the use of a

wheelchair for mobility and is thus a person with a disability within the meaning of Title III of

the ADA and the WLAD.

21.     Mr. Baker will return to the Property once accessibility barriers are addressed.

<u>Defendant's Property</u>

22.     Mr. Baker used his wheelchair, albeit at personal risk due to existing accessibility

barriers, to visit the Ohana restaurant location at the Property in the Summer of 2019.

23.     Mr. Baker does not feel safe accessing the property as-is due to the current

accessibility barriers.

24.     Defendant's Property does not comply with the ADA's accessibility laws and

regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the

2010 ADA Standards for Accessible Design ("2010 Standards").

25.     At Defendant's parking lot at the Property, there are at least 76 parking spaces,

thus the Property must have at least four wheelchair accessible parking spaces and at least one of

those must be "van accessible". § 208.2 of the 2010 Standards, § 4.1.2 of the 1991 Standards.

26.     The three partially marked accessible parking spaces at the Property do not meet

Complaint for Declaratory and Injunctive Relief

**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

either the 1991 Standards or the 2010 Standards.

27.     Accessible parking spaces must be identified with signage at least 60 inches above the ground.  § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards (Signage must be high enough it "cannot be obscured by a vehicle parked in the space.").

28.     The signage for all accessible parking spaces at the Property is too low to the ground and is awkwardly positioned at hard to see locations on the walls of the building.

29.     Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

30.     Regular accessible spaces shall be at least 96 inches wide and served by an access aisle at least 60 inches wide.  § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the 1991 Standards.

31.     Access aisles must be marked so as to discourage parking and adjoin the accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

32.     Additionally, slope of accessible parking spaces and the access aisles must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the 2010 Standards and § 4.3.6 of the 1991 Standards.

33.     The parking spot in front of Seely & Associates at the property has a slope in excess of 1:48.

34.     The two accessible parking spaces at the Property, one in front of Seely & Associates and one in front Ohana restaurant, have no access aisles.

35.     One accessible parking space, in front of Gina Marie Hair Design has an access aisle that is too narrow.

36.     Curb ramps must have a slope no greater than 1:12 (or 8.33%). § 405.2 of the 2010 Standards.

37.     On information and belief, the curb ramps up to the sidewalk level and business entrances have a slope exceeding 8.33%.

38.     Mr. Baker requires compliant accessible parking and compliant accessible routes in order to safely patronize Defendant's property using his wheelchair.

39.     Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

40.     The failure of Shin Family LLC to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access to and enjoyment of the Property.

## V.     FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

41.     Mr. Baker incorporates by reference the allegations in the paragraphs above.

42.     Mr. Baker is limited in the major life activity of walking and is thus an individual with a disability within the meaning of Title III of the ADA.

43.     Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

44.     Defendant Shin Family LLC owns the property where the Ohana restaurant location and associated parking lot are located.

Complaint for Declaratory and Injunctive Relief

**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

45.     The Ohana restaurant and the other businesses at the Property are places of public accommodation under 42 U.S.C. § 12181(7).

46.     Defendant has discriminated against Plaintiff on the basis of his disability.

47.     Defendant's discriminatory conduct includes but is not limited to:

      a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

      b.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

      c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

      d.     Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

      e.     Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

48.     As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

49.     Defendant's discriminatory conduct has harmed Mr. Baker, and the harm

Complaint for Declaratory and Injunctive Relief

**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  continues.

2       50.     Defendant's discriminatory conduct entitles Mr. Baker to declaratory and

3  injunctive relief. 42 U.S.C. § 12188.

4       51.     Defendant's discriminatory conduct entitles Mr. Baker to recover reasonable

5  attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

6                        **VI.     SECOND CAUSE OF ACTION**
                  **Violation of the Washington Law Against Discrimination**
7                          **(R.C.W. §§ 49.60.010 et seq.)**

8       52.     Mr. Baker incorporates by reference the allegations in the paragraphs above.

9       53.     Mr. Baker is an individual with a disability within the meaning of the Washington

10  Law Against Discrimination.

11      54.     Under § 49.60.030(1) of the Revised Code of Washington: "The right to be free

12  from discrimination because of . . . the presence of any sensory, mental, or physical disability . . .

13  is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . .

14  . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or

15  privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

16      55.     Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

17  Revised Code of Washington by violating multiple accessibility requirements under the ADA.

18      56.     Defendant's actions constitute discrimination against persons with disabilities and

19  violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

20  et seq., in that persons with mobility disabilities have been and are still denied full and equal

21  enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

22  provides to individuals who do not have disabilities.

23      57.     As a direct and proximate result of Defendant's discriminatory conduct as alleged

Complaint for Declaratory and Injunctive Relief

**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

in this Complaint, Mr. Baker has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

58.    Defendant's discriminatory conduct as alleged in this Complaint has denied Mr. Baker the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

59.    Mr. Baker has a clear legal right to access the businesses located at Defendant's Property under the Washington Law Against Discrimination.

60.    Mr. Baker has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

61.    Defendant's property does not comply with ADA accessibility laws and regulations, including the 1991 Standards and the 2010 Standards.

62.    Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

63.    Pursuant to RCW § 49.60.030(2), Mr. Baker is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Mr. Baker respectfully requests that this Court:

1.    Assume jurisdiction over this action;

2.    Find and declare Defendant Shin Family LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, RCW §§ 49.60.010 et seq., because Defendant's Property does not comply with

Complaint for Declaratory and Injunctive Relief

**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   the ADA's accessibility laws and regulations;

2       3.      Issue a permanent injunction ordering Defendant to immediately implement the

3   necessary improvements to bring the Defendant's property into compliance with the ADA's

4   accessibility laws and regulations;

5       4.      Award Mr. Baker reasonable attorneys' fees and costs as authorized by 42 U.S.C.

6   § 12205 and RCW § 49.60.030(2);

7       5.      Award actual, compensatory, and/or statutory damages to Mr. Baker for

8   violations of his civil rights as allowed under state and federal law;

9       6.      Award such additional or alternative relief as may be just, proper, and equitable.

10  DATED THIS 6th day of May, 2020

11  By:

12

13      *s/ Conrad Reynoldson*
        Conrad Reynoldson
        WSBA# 48187
14      conrad@wacda.com
        (206) 876-8515

15
        *s/ Bonnie Fong*
16      Bonnie Fong
        WSBA# 51276
17      bonnie@wacda.com
        (206) 940-0962
18
        WASHINGTON CIVIL & DISABILITY ADVOCATE
19      4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
        *Attorneys for Plaintiff Brian Baker*
20

21

22

23

Complaint for Declaratory and Injunctive Relief       WASHINGTON CIVIL & DISABILITY ADVOCATE
                                                       4115 Roosevelt Way NE, Suite B
**Page 10 of 10**                                      Seattle, WA 98105
                                                       (206) 428-3558